UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60646-CIV-ZLOCH

LUIS ALBERTO VERA
CASTELLANOS, et al.,

   Plaintiffs,

                <u>O R D E R</u>

vs.

PFIZER, INC., et al.

   Defendants.
_____/

  THIS MATTER is before the Court upon Defendants United States of America and Secretary of State Condoleeza Rice's Motion To Dismiss Second Amended Complaint (DE 62). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

## I. <u>Introduction</u>

  The above-styled cause involves allegations by Plaintiffs that agents of Pfizer, Inc. (hereinafter "Pfizer") conspired with employees of the United States Department of State (hereinafter "State Department") to advance the business objectives of Pfizer by using threats, bribes, and other adverse actions that harmed Plaintiffs. Specifically, Plaintiffs allege that Defendants are liable for injuries resulting from being defamed and having their United States visas revoked. The United States argues that none of its employees are personally liable in tort because they were acting within the scope of their employment, and thus the United

States should be substituted as a Party Defendant in their place for Counts I and II. The Government further argues that the United States is immune from Counts I and II, the Court lacks jurisdiction over Count V because visa revocations are non-reviewable, and Count VI should be dismissed for failure to state a claim upon which relief may be granted.

## II. Background

The basis for this action arises in the context of two drug companies attempting to obtain the right to distribute sildenafil in Ecuador: Acromax, an Ecuadorean pharmaceutical corporation, and Pfizer.[1] Plaintiff Luis Alberto Vera Castellanos was an Ecuadorean patent court judge at the time relevant to this case. Plaintiffs Xavier Neira, Jorge Neira, and Eduardo Garcia are members of a legal and economic services firm Neira and Associates (hereinafter "N&A"). N&A has represented Acromax, a competitor of Pfizer, regarding a patent on the drug sildenafil, sold under the name "Viagra" in the United States. Plaintiffs filed their Second Amended Complaint (DE 59) (hereinafter "Complaint") against Pfizer, the State Department, Condoleeza Rice, as Secretary of State, and James Sullivan, Elizabeth Jordan, and Aaron Sherinian, in their personal capacities. At all times relevant to the above-styled cause, Defendants Sullivan, Jordan, and Sherinian worked in various

---

[1] For the purpose of this Motion, the Court takes as true the facts alleged in Plaintiffs' Second Amended Complaint (DE 59). See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

roles for the State Department at the U.S. Embassy in Quito, Equador.

Several years prior to initiating this action, Acromax began the process necessary to obtain a patent to distribute sildenafil. DE 59, ¶ 16 (hereinafter "Complaint"). Initially, Acromax filed an administrative action before the Ecuadorian Institute of Intellectual Property (hereinafter "IEPI"), and when that action stalled, it filed a suit in an Ecuadorean court. Id. ¶ 17. On March 14, 2006, Dr. Jose Alvear Icaza, a representative of Pfizer, together with Sullivan, met with Jorge Neira and Eduardo Garcia and threatened them with "grave repercussions if plaintiff Garcia continued to represent Acromax." Id. ¶ 21. Plaintiffs brought this incident to the attention of the United States Ambassador in Ecuador, who responded that Sullivan was acting to preserve the interests of a U.S. corporation. Id.

Sullivan approached Castellanos and informed him that certain judicial decisions made by Castellanos would be "considered a direct attack against the American Government and its corporations." Id. ¶ 23. Additionally, Sullivan offered a scholarship and educational assistance in the United States for Castellanos's daughter in exchange for a favorable ruling. Id.

Plaintiffs then received notification from Defendant Jordan that their visas were revoked pursuant to section 212 of the Immigration and Nationality Act, thereby denying them the ability to freely travel to the United States to visit family. 8 U.S.C.

§ 1201(i) (2006); Complaint, ¶¶ 28, 33. Plaintiffs were later informed that the revocations were pursuant to Presidential Proclamation 7750. 69 Fed. Reg. 2287 (Jan. 12, 2004); Complaint, ¶ 28. Thereafter, Defendant Sherinian issued press releases accusing Plaintiffs of public corruption and stated the visa revocation was necessary to protect the United States from crime and terrorism. Id. ¶ 29.

The Complaint alleges the following causes of action against all named defendants: 1) Defamation and Conspiracy to Defame; 2) Tortious Interference with Business Relations; 3) Violation of the Foreign Corrupt Practices Act; 4) Violation of the Racketeer Influenced and Corrupt Organization Act; 5) Injunctive Relief for Wrongful Revocation of Visas; and 6) Facial and As-Applied Challenges to the Constitutionality of Presidential Proclamation 7750.

Plaintiffs subsequently dropped Counts I through IV against the State Department and Secretary Rice. DE 64, ¶ 7. Plaintiffs further clarified that Counts I through IV apply only against Pfizer and Sullivan, Jordan, and Sherinian, in their personal capacities. Id. In the course of litigation, United States Attorney for the Southern District of Florida R. Alexander Acosta, Esquire, filed a Certification (DE 61) pursuant to 28 U.S.C. § 2679(d) certifying that Defendants James F. Sullivan, Elizabeth Jordan, and Aaron Sherinian (hereinafter "federal employees") were employees of the U.S. Department of State, and were acting within

4

the scope of their employment at the time of the alleged incidents that gave rise to this action.

### III. Standard of Review

The instant Motion mounts a facial attack on the subject matter jurisdiction of the Court under Federal Rule of Civil Procedure 12(b)(1). On a facial attack, courts review the complaint to determine if "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Thus, if sovereign immunity shields a defendant from suit, Rule 12(b)(1) is the proper vehicle for dismissal. See Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996).

### IV. Analysis

The Court will begin by addressing whether the Certification is sufficient to substitute the United States as a Party Defendant in place of the federal employees for Counts I and II. If it is sufficient, the United States must be substituted on those counts, and the analysis proceeds to determine whether the United States is immune from Counts I and II. The Certification is not conclusive; rather, it constitutes prima facie evidence that a federal employee was acting within the scope of his employment, and it may be rebutted by admitting or proffering specific evidence that contradicts the Certification. Because Plaintiffs have failed to introduce or proffer specific evidence to contradict the

Certification, the Court will substitute the United States in place of the federal employees for Counts I and II. After being substituted in place of the federal employees, the United States should be dismissed as to Counts I and II because it is immune from suit as to those claims. Furthermore, Counts V and VI should be dismissed against the State Department and Secretary Rice, because Count V would require judicial review of a visa revocation, which is barred by statute, and the constitutionality of Proclamation 7750, raised in Count VI, is non-justiciable.

### A. <u>Immunity</u>

A federal employee is immune from suit when he acts "'within the scope of his office or employment at the time of the incident out of which the claim arose.'" <u>Osborn v. Haley</u>, 549 U.S. ___, 127 S.Ct. 881, 897 (2007) (quoting 28 U.S.C. § 2679(d)(1) (2006)). To invoke qualified immunity, the United States typically files a certification that the employee was acting within the scope of his employment, necessitating the substitution of the United States as a defendant in place of the employee. 28 U.S.C. § 2679(d)(1). However, a certification by the United States is not conclusive for the purpose of substitution. <u>Gutierrez de Martinez v. Lamangno</u>, 515 U.S. 417, 434 (1995). Instead, a certification "serves as prima facie evidence and shifts the burden to the plaintiff to prove,' by a preponderance of the evidence, that the defendant employee was acting outside the scope of employment." <u>Gutierrez de Martinez v. Drug Enforcement Admin.</u>, 111 F.3d 1148, 1153 (4th Cir.

1997) (affirming the district court's denial of further discovery into the scope of employment).[2] To carry their burden, Plaintiffs must "submit specific evidence or the forecast of specific evidence" that contradicts the Certification. Id. at 1155. Otherwise, there is no need to burden the federal employees with discovery or an evidentiary hearing regarding the scope of employment. Id. at 1153.

Plaintiffs argue, in the alternative, that substitution is improper because the federal employees violated United States statutes, and further discovery is necessary to determine whether the federal employees were acting within the scope of their employment. Section 2679(b)(2) bars substitution of the United States for employees who violated either the Constitution or a statute of the United States "under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2). However, Counts I and II, the counts for which the United States seeks substitution, involve neither a Constitutional violation, nor a violation of a United States statute. Counts I and II are tort claims for conduct alleged to have occurred in Ecuador. Thus, Plaintiffs' argument that the federal employees cannot be substituted due to a violation of a federal statute is misplaced.

---

[2]This Fourth Circuit opinion involved the same parties and controversy as in the above-cited Supreme Court opinion. After the Supreme Court held that certifications are reviewable, it remanded the case to the Eastern District of Virginia, which denied Plaintiffs' request for further discovery. The Fourth Circuit affirmed the district court. Gutierrez, 111 F.3d at 1153.

Plaintiffs's second argument is that further discovery and an evidentiary hearing are necessary to establish whether the federal employees were acting within the scope of their employment for purposes of the Certification. As previously stated, Plaintiffs bear the burden to either submit specific evidence or forecast specific evidence sufficient to contradict the Certification. See Stokes v. Cross, 327 F.3d 1210, 1216 (D.C. Cir. 2003) (where counsel specifically indicated the evidence he would seek in depositions and that such evidence would prove the employees acted contrary to their employer's interests). Plaintiffs have failed to proffer facts likely to rebut the Certification.

Due to Plaintiffs' failure to forecast sufficient evidence to warrant further discovery or an evidentiary hearing, and their failure to allege a violation of a statute or the Constitution of the United States, "under which such action against an individual is otherwise authorized," the Court will substitute the United States of America as a Party Defendant for Defendants James Sullivan, Elizabeth Jordan, and Aaron Sherinian, as to Counts I and II. As a result of the substitution, the Defendants against whom the respective counts may now proceed are Pfizer, Inc. (Counts I-VI), the United States (Counts I and II), the State Department (Counts V and VI), Condoleeza Rice, as Secretary of State (Counts V and VI), and Sullivan, Jordan, and Sherinian (Counts III, IV, V, and VI).

The Court will now address the instant Motion with respect to each of the counts against the United States Defendants. As an initial matter, the United States Government "is immune from suit save as it consents to be sued," and a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1981) and United States v. King, 395 U.S. 1, 4 (1969)). Sovereign immunity attaches to the claims contained in Counts I and II, and for the reasons expressed below, the Court lacks jurisdiction over Counts V and VI.

Congress expressed a limited waiver of sovereign immunity in the Federal Tort Claims Act. 28 U.S.C. § 1346(b) (2006). However, Congress preserved immunity from certain intentional torts, including, but not limited to, libel, slander, and interference with contractual rights. 28 U.S.C. § 2680(h) (2006). Counts I and II constitute torts that fall within the exception provided by § 2680(h). Count I alleges defamation in the form of libel and slander. Count II alleges tortious interference with business relations. Therefore, the United States is immune from both Counts I and II.

### B. Visa Revocation

Count V alleges that the State Department, through its employees, wrongfully revoked Plaintiffs' visas and the visas of Plaintiffs' family members. In essence, Plaintiffs request the Court to review the Executive Branch's decision to revoke their

visas and determine whether its decision was arbitrary and capricious. Plaintiffs are all aliens living outside the United States who possessed validly issued visas that were revoked by consular officials in Ecuador pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1201(i), and/or Presidential Proclamation 7750.

Congress has vested the Secretary of State and consular officers with the ability to revoke visas at their discretion. 8 U.S.C. § 1201(i) (2006). Section 1201(i) further provides that "[t]here shall be no means of judicial review . . . of a revocation under this subsection." Id. The Eleventh Circuit and other courts have upheld the non-reviewability of consular decisions regarding visas. See De Castro v. Fairman, 164 Fed. Appx. 930, 932 (11th Cir. 2006); Saavedra Bruno v. Albright, 197 F.3d 1153, 1159 (D.C. Cir. 1999); see also United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 543 (1950) (holding that it is "not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien").

The only exception to § 1201(i) applies in the context of a removal proceeding if the "revocation provides the sole ground for removal." 8 U.S.C. § 1201(i). Because none of the Plaintiffs were subjected to removal proceedings, the exception does not apply. Plaintiffs argue that the Court can review the visa revocations based on the dicta of Knoetze v. United States, 634 F.2d 207, 211

(5th Cir. Unit B 1981) (noting, after it upheld the validity of the visa revocation, that "strong evidence of the politicization of an otherwise routine bureaucratic decision might raise a suspicion of discriminatory agency action").[3]

However, consistent with § 1201(i), Knoetze involved an alien inside the United States at the time of revocation, who was therefore entitled to due process under the Fifth Amendment. Id. (citing Kwong Hai Chew v. Colding, 344 U.S. 590 (1953)). Because Plaintiffs were not located within the United States at the time their visas were revoked, they are not entitled to the protections of the Fifth Amendment, and the Court is without the power to review the revocation of visas by the State Department and its officers. See 8 U.S.C. § 1201(i).

### C. Presidential Proclamation 7750

Count VI mounts both facial and as-applied attacks on the constitutionality of Presidential Proclamation 7750. Section 1 of the Proclamation suspends the entry into the United States to persons who have engaged in bribery, misappropriation of public funds, interference with public institutions, or who have otherwise had "serious adverse effects on the national interests of the United States." Proclamation No. 7750, 69 Fed. Reg. 2287 (Jan. 12, 2004). Plaintiffs' premise their facial attack on Section 2 of the

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981)(en banc) the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Proclamation, which states the following: "Section 1 of this proclamation shall not apply with respect to any person otherwise covered by section 1 where entry of the person into the United States would not be contrary to the interests of the United States." Id. Plaintiffs' facial challenge alleges that Section 2 is internally inconsistent and likely to lead to arbitrary and capricious application. Further, Plaintiffs' as-applied challenge alleges that the Proclamation was applied in a discriminatory manner.

The Court declines Plaintiffs' invitation to strike down Proclamation 7750 as unconstitutional, under either an as-applied or facial challenge, because the Proclamation is intricately interwoven with the Executive Branch's power to declare foreign policy, which the Court may not review. See Harisiades v. Shaughnessy, 342 U.S. 580, 588-89 (1952) (noting that "any policy toward aliens is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations, the war power, and the maintenance of a republican form of government," and is therefore immune from judicial inquiry).

## V. Conclusion

The Court hereby finds that Defendants Sullivan, Jordan, and Sherinian were acting within the scope of their employment such that the United States of America must be substituted as a Party Defendant in their place for Counts I and II. The United States, together with its agencies and officers, is immune from suit on

Counts I and II, and the Court lacks subject matter jurisdiction over Counts V and VI against the State Department and Secretary Rice.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants United States of America and Secretary of State Condoleeza Rice's Motion To Dismiss Second Amended Complaint (DE 62) be and the same is hereby **GRANTED** as follows:

1. The United States of America is hereby **SUBSTITUTED** as a Party Defendant in place of Defendants James Sullivan, Elizabeth Jordan, and Aaron Sherinian for Counts I and II;

2. Counts I and II be and the same are hereby **DISMISSED** as to Defendant United States of America; and

3. Counts V and VI be and the same are hereby **DISMISSED** as to Defendants United States Department of State and Condoleeza Rice, as Secretary of State.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of May, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record