UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60646-CIV-ZLOCH

LUIS ALBERTO VERA
CASTELLANOS, et al.,

    Plaintiffs,

                            **O R D E R**

vs.

PFIZER, INC., et al.

    Defendants.
                                 /

THIS MATTER is before the Court upon Defendant Pfizer, Inc.'s Motion To Dismiss Plaintiffs' Second Amended Complaint (DE 42). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

## I. Background

The basis for this action arises in the context of two drug companies attempting to obtain the right to distribute sildenafil in Ecuador: Acromax, an Ecuadorean pharmaceutical corporation, and Pfizer, Inc. (hereinafter "Pfizer").[1]  Plaintiff Luis Alberto Vera Castellanos was an Ecuadorean patent court judge at the time relevant to this case.  Plaintiffs Xavier Neira, Jorge Neira, and Eduardo Garcia are members of a legal and economic services firm Neira and Associates (hereinafter "N&A").  N&A has represented Acromax, a competitor of Pfizer, regarding a patent on the drug sildenafil, sold under the name "Viagra" in the United States.

---

[1] For the purpose of this Motion, the Court takes as true the facts alleged in Plaintiffs' Second Amended Complaint (DE 59). See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

Plaintiffs filed their Second Amended Complaint (DE 59) against Pfizer, the State Department, Condoleeza Rice, as Secretary of State, and James Sullivan, Elizabeth Jordan, and Aaron Sherinian, in their personal capacities. By prior Order (DE 74), the Court substituted the United States of America as a Party Defendant in place of Sullivan, Jordan, and Sherinian, for Counts I and II. Further, the Court dismissed the above-styled cause as to Defendants United States, the State Department, and Secretary Rice. The Court limits the scope of this Order to a determination as to whether Plaintiffs have stated a claim against Pfizer upon which relief can be granted.

Several years prior to initiating this action, Acromax began the process necessary to obtain a patent to distribute sildenafil. DE 59, ¶ 16. Initially, Acromax filed an administrative action before the Ecuadorian Institute of Intellectual Property (hereinafter "IEPI"), and when that action stalled, it filed a suit in an Ecuadorean court. Id. ¶ 17. On March 14, 2006, Dr. Jose Alvear Icaza, a representative of Pfizer, together with Sullivan, met with Jorge Neira and Eduardo Garcia and threatened them with "grave repercussions if plaintiff Garcia continued to represent Acromax." Id. ¶ 21. Plaintiffs brought this incident to the attention of the United States Ambassador in Ecuador, who responded that Sullivan was acting to preserve the interests of a U.S. corporation. Id.

Dr. Jose Meythayler sent a letter, as Pfizer's agent and lawyer, to IEPI accusing Castellanos of illegally administering the

2

patent court. Id. ¶ 26. Pfizer's "in-country manager", whose name is unspecified, threatened another local pharmaceutical competitor engaged in the manufacturing of sildenafil by stating, "We're going to revoke (Xavier) Neira's visa." Id. ¶ 27. Plaintiffs then received notification from Defendant Jordan that their visas were revoked pursuant to section 212 of the Immigration and Nationality Act, thereby denying them the ability to freely travel to the United States to visit family. 8 U.S.C. § 1201(i) (2006); DE 59, ¶¶ 28, 33. Plaintiffs were later informed that the revocations were pursuant to Presidential Proclamation 7750, 69 Fed. Reg. 2287 (Jan. 12, 2004). DE 59, ¶ 28. After the visa revocations, Defendant Sherinian issued press releases that accused Plaintiffs of public corruption and stated the visa revocation was necessary to protect the United States from crime and terrorism. Id. ¶ 29.

The Complaint alleges the following causes of action against Pfizer: 1) Defamation and Conspiracy to Defame; 2) Tortious Interference with Business Relations; 3) Violation of the Foreign Corrupt Practices Act; 4) Violation of the Racketeer Influenced and Corrupt Organization Act; 5) Injunctive Relief for Wrongful Revocation of Visas; and 6) Facial and As-Applied Challenges to the Constitutionality of Presidential Proclamation 7750.

## II. Standard of Review

The instant Motion (DE 42) argues that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When

3

ruling upon a motion to dismiss, the Court must accept Plaintiff's allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). If the allegations fail as a matter of law to state a claim upon which relief may be granted, the Court must dismiss the action and enter judgment in favor of the Defendant. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965 (2007).

### III. Analysis

The Court will begin by addressing Counts III through VI, which, for the reasons expressed below, must be dismissed. Then the Court will proceed to determine the substantive law that applies to Counts I and II.

Count III is a claim under the Foreign Corrupt Practices Act, for which there is no private right of action. See Lamb v. Phillip Morris, Inc., 915 F.2d 1024 (6th Cir. 1990); McLean v. Int'l Harvester Co., 817 F.2d 1214 (5th Cir. 1987). Count IV is a claim under the Racketeer Influenced and Corrupt Organizations Act, which applies only to organized crime occurring within the United States or directed at the United States. United States v. Noriega, 746 F. Supp. 1506, 1517 (S.D. Fla. 1990) (holding that RICO applies to narcotics activity outside the United States because such activity "produces effects or [is] intended to produce effects in this country"), aff'd, 117 F.3d 1206 (11th Cir. 1997), cert. denied, 523 U.S. 1060 (1998). Therefore, the Court must dismiss Counts III and IV because Plaintiffs have failed to state a claim upon which relief can be granted.

Regarding Counts V and VI, it is unclear from Plaintiffs'

4

Amended Complaint whether these counts have been filed against Pfizer. The Court is at a loss as to how Pfizer could be held responsible for actions carried out by the Executive Branch of the United States Government. But lacking a representation by Plaintiffs that Counts V and VI do not lie against Pfizer, the Court will address those counts on the merits and adopt the reasoning from its prior Order (DE 74).

Regarding Count V, Congress has vested the Secretary of State and consular officers with the ability to revoke visas at their discretion. 8 U.S.C. § 1201(i) (2006). Section 1201(i) further provides that "[t]here shall be no means of judicial review . . . of a revocation under this subsection." Id. The Eleventh Circuit and other courts have upheld the non-reviewability of consular decisions regarding visas. See De Castro v. Fairman, 164 Fed. Appx. 930, 932 (11th Cir. 2006); Saavedra Bruno v. Albright, 197 F.3d 1153, 1159 (D.C. Cir. 1999); see also United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 543 (1950) (holding that it is "not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien"). All Plaintiffs are aliens who were residing outside the United States at all times relevant to this action, and thus they have not been subjected to removal proceedings.

Count VI mounts both facial and as-applied attacks on the constitutionality of Presidential Proclamation 7750. The Court declines Plaintiffs' invitation to strike down Proclamation 7750 as

5

unconstitutional, under either an as-applied or facial challenge and adopts the reasoning expressed by its prior Order (DE 74). Accordingly, the Court shall dismiss Counts V and VI against Pfizer. Thus, only Counts I and II remain against Pfizer, and the Court must determine the appropriate substantive law to apply.

Plaintiffs' Complaint invokes this Court's diversity jurisdiction. A federal district court sitting in diversity applies the choice-of-law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Because Florida is the forum state, its choice-of-law rules control. Id. Florida resolves conflict-of-laws questions by applying the "most significant relationship" test as set forth in the Restatement (Second) of Conflict of Laws. Bishop v. Fla. Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980); Grupo Televisa, S.A. v. Telemundo Commc'n Group, Inc., 485 F.3d 1233, 1240 (11th Cir. 2007). The most significant relationship test is comprised of the following four factors: 1) the place the injury occurred; 2) the place the conduct causing the injury occurred; 3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and 4) the place where the parties' relationship is centered. Bishop, 389 So. 2d at 1001.

Applying the facts of this case to the Bishop factors, it is clear that the law of Ecuador should apply to Counts I and II. The alleged injuries, defamation and tortious interference, occurred in Ecuador. Further, the alleged conduct that caused the injury consists of a letter originating in Ecuador and mailed to the

6

Ecuadorian Institute of Intellectual Property in Ecuador, and threats made in Ecuador.  Plaintiffs are citizens and residents of Ecuador, while Defendant is a United States corporation.  Thus, the third factor is a draw.  Finally, if any relationship exists between Pfizer and Plaintiffs, it is centered in Ecuador.  Thus, the Court must apply the law of Ecuador to Counts I and II.

Pursuant to Rule 44.1, "the Court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.  Although Defendant has submitted the law of Ecuador it believes is applicable, Plaintiffs have neither responded to those submissions, nor have they provided the Ecuadorean law they believe the Court should apply.  Therefore, the Court will afford the Parties an opportunity to supplement their briefing before the Court rules on Counts I and II on the merits.

### IV. Conclusion

The Court hereby finds that Counts III through VI should be dismissed as to Defendant Pfizer.  Additionally, the law of Ecuador applies to Counts I and II, and the Court shall provide the Parties an opportunity to submit briefing on the proper Ecuadorean law to apply to those counts.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Defendant Pfizer, Inc.'s Motion To Dismiss Plaintiffs' Second Amended Complaint (DE 42) be and the same is hereby **GRANTED** in part, and the Court reserves ruling in part as follows:

7

    2. Counts III, IV, V, and VI be and the same are hereby **DISMISSED** against Defendant Pfizer, Inc.;

    3. The substantive law of Ecuador applies to Counts I and II of Plaintiffs' Amended Complaint (DE 59) against Defendant Pfizer, Inc.;

    4. The Court reserves ruling on the merits of the instant Motion as to Counts I and II until the Parties have had an opportunity to provide briefing on the applicable substantive law of Ecuador;

    5. On or before <u>noon</u> on <u>Friday, June 13, 2008</u>, Plaintiffs shall provide complete briefing, together with necessary Affidavits and Exhibits, establishing the law of Ecuador that applies to Counts I and II, and Plaintiffs shall further include in their briefing whether or not Counts I and II state a claim upon which relief can be granted, pursuant to the law of Ecuador; and

    6. On or before <u>noon</u> on <u>Friday, June 20, 2008</u>, Defendant Pfizer, Inc. shall submit its Response to Plaintiff's briefing.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  29th  </u> day of May, 2008.

                                              WILLIAM J. ZLOCH
                                              United States District Judge

Copies furnished:

All Counsel of Record